## CIRCUIT COURT OF BEDFORD COUNTY

Bernard M. Fauber, Jr., et al.

v.

Thomas P. Whitten et al.

March 3, 1993

Case No. (Chancery) 16518

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the Demurrer that has been raised by the Defendant. I will rule on the issues raised by the Demurrer and the law memorandum in support of the Demurrer in the same order that they are raised by the Defendants.

First, and, of course, for purposes of the Demurrer, the allegations in the Bill of Complaint and the fair inferences therein are deemed to be admitted.

1. *Does the law require an actual tender of the deed before a specific performance action may be maintained?*

The Defendants maintain that the Plaintiffs have not actually tendered a deed. The Bill of Complaint does not allege that a deed has been tendered. However, it does allege in paragraph 10 that the Plaintiffs are "willing and able to convey the subject land to the Defendants."

In *Wolford v. Jackson*, 123 Va. 280, 287, 96 S.E.2d 237 (1918), the Supreme Court of Virginia addressed, but did not decide, the issue of whether the tender of a deed is necessary in a specific performance action. The Court, however, went on to note in that case:

> It would have been futile to have required the tender of a deed which purchasers had declared in the most explicit terms they would not accept. *Id.* at 287.

In the instant case, the Plaintiffs have alleged that the Defendants have "wrongfully refused to close." Upon this allegation, which must be accepted as true for purposes of this Demurrer, it would be futile to tender a deed. Thus, under the facts as alleged in this Bill of Complaint, the Court holds that the tender of a deed is not required in order to maintain an action for specific performance.

2. *Does the contract lack such certainty and completeness that an action for specific performance cannot be maintained?*

The Defendants argue that the contract which is the subject of this suit does not have sufficient certainty and completeness to allow specific performance to be maintained. In their argument, the Defendants argue that the document is incomplete and uncertain on two grounds. First, they argue that under paragraph 13, page 2, the Defendants' attorney is given absolute right to review and reject the restrictions. Also, they argue that under paragraph 11, page 3, the document is incomplete.

First, the Bill of Complaint, which must be accepted as true, alleges that the Plaintiffs have agreed to all of the land restrictions. Thus, this portion of the Demurrer must be overruled.

Next, even though paragraph 11 of the contract has not been filled in, it appears that the provisions of that paragraph which address a property owners' association may not apply to this transaction. At the very least, this is an issue that requires factual proof that this is a material part of the contract which has not been completed. Thus this portion of the Demurrer must also be overruled.

3. *Are the damage allegations sufficient to maintain an action for specific performance?*

The Defendants complain that the relief clause of the Bill of Complaint does not sufficiently specify how the $110,000.00 is to be paid in relation to the specific performance requested. This portion of the Demurrer is overruled because the relief clause of the Bill of Complaint does ask for specific performance. As set forth in 17 Mich. Jur., *Specific Performance*, there is a specific procedure to be followed if specific performance is granted. The Court believes the allegations in the Bill of Complaint are sufficient to satisfy the request for specific performance relief. The manner in which the money is paid, or the property sold, will be treated if specific performance is ultimately granted.

*4. Do the allegations of lack of water supply in the bill of complaint merit granting the demurrer?*

The issues raised in this portion of the Demurrer are at least partly factual issues. Therefore, they must be resolved at trial. Accordingly, the Demurrer is overruled on this ground.

*5. Do the plaintiffs have an adequate remedy at law?*

The Supreme Court of Virginia has previously approved the use of specific performance to require a purchaser to perform a written contract of purchase. *Yamada v. McLeod*, 243 Va. 426, 433, 416 S.E.2d 222 (1992), and *Ayers v. Robins*, 71 Va. (30 Gratt.) 105, 115 (1878). Thus, the Demurrer is overruled on this ground.

I request that Mr. Kirstein prepare a Decree which overrules the Demurrer of the Defendants.